**DELZELL et al. v. RAVER et al.**

Civ. 1876.

No. 1014.

United States District Court
D. Oregon.

April 29, 1946.

See also, D.C., 97 F.Supp. 857.

894

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

A pretrial order was framed in this case, subject to the supervision of the Court, for a preliminary consideration of the matters relating to jurisdiction. Four questions are proposed, and these are now answered as follows:

1. It is contended that the action should be dismissed because the Secretary of the Interior is an indispensable party and has not been joined.

 The Court finds that the Secretary of the Interior is not an indispensable party to the maintenance of this action.

2. It is contended that the action should be dismissed because in effect it is an action against the United States.

 The Court finds that the action is one against an official of the United States Government and is not in any respect an action against the United States nor does it require a judgment declaratory against the United States.

3. It is contended that this action is a derivative one and that plaintiffs must have complied with the provisions of Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

 The Court finds that each of the plaintiffs is acting as trustee of an express trust, Rule 17(a), Federal Rules of Civil Procedure, under the provisions of the bankruptcy law, and therefore the controversy is directly between plaintiffs and defendants and is not derivative. Therefore, Rule 23(b), Federal Rules of Civil Procedure, does not apply.

4. It is then contended that the action should be dismissed because the issues raised in this action are covered in the case of

Portland General Electric Company v. Raver, D.C., 97 F.Supp. 892.

This contention is overruled because it is not a jurisdictional issue. The Court has the power in an action such as this to refuse to grant declaratory relief because of the situation at the time when presentation is made. This power is discretionary and is not jurisdictional.

It should be noted that jurisdictional issues are always present with a court until final determination. This Court cannot now and therefore does not attempt finally to dispose of the true jurisdictional issues above noted.